Janet L. DILLARD, Appellant–
Respondent,

v.

Donald S. DILLARD, Appellee–
Petitioner.

No. 36A01–0712–CV–606.

Court of Appeals of Indiana.

June 26, 2008.

 

Travis J. Thompson, Farrow & Thompson, P.C. Seymour, IN, for Appellant.

Alan L. Marshall, Marshall Law Office Seymour, IN, for Appellee.

**OPINION**

DARDEN, Judge.

### STATEMENT OF THE CASE

Janet Dillard ("Wife") appeals the trial court's order granting Donald Dillard's ("Husband") motion for relief from judgment, thereby modifying the parties' property settlement.

We reverse.

### ISSUE

Whether the trial court abused its discretion when it modified the parties' property settlement agreement, which was incorporated in the decree of dissolution.

### FACTS

The parties married on August 11, 1984, and separated on or about July 21, 2006. Husband filed a petition for dissolution on July 24, 2006. Wife did not work outside of the home after the birth of the parties' child in December of 1988.

On December 5, 2006, the parties waived a final hearing pursuant to Indiana Code section 31–15–2–13. Also on December 5, 2006, the parties filed a property settlement agreement (the "Settlement Agreement"), which was prepared by Husband's attorney.

Regarding the marital residence, located in Seymour, the parties agreed to the following:

> The parties stipulate herein that the marital dwelling has been listed for sale and upon the sale of said asset, the sale

proceeds shall be applied towards the payment & [sic] liquidation of the home mortgage now owing to Jackson County Bank; the home equity line of credit account, also owing to Jackson County Bank; and all costs & [sic] expenses incurred in the sale of said marital dwelling, to include realtor's fees. Any net and/or net/net profits realized from the sale of said premises shall be divided and split by and between the parties as follows: [Husband] shall receive 25% of said profits and [Wife] shall receive 75% of same.

(Wife's App. 23). Regarding Husband's 401(k), the Settlement Agreement provided that Husband "shall be awarded sole title to his TransAmerica 401(k) account, free and clear of any spousal claim that may be asserted by [Wife] herein." (Wife's App. 23).

Finally, the Settlement Agreement provided that "[a]ny modification or waivers of any terms or provisions of [the Settlement Agreement] shall be effective *only if said modifications or waivers are reduced to writing & [sic] executed with the same formality as [the Settlement Agreement]*." (Wife's App. 26). On December 15, 2006, the trial court entered the final dissolution decree, in which it approved the Settlement Agreement and ordered the parties to comply with the Settlement Agreement.

On February 26, 2007, Husband filed a motion to set aside the dissolution decree "for the reason that the parties neglected to consider evidence and/or the exclusion of the evidence was an oversight and/or the evidence is newly discovered evidence." (Wife's App. 36). Wife filed a motion to dismiss, asserting that Indiana Code section 31–15–2–17(c) prohibited the modification of the dissolution decree as the parties had not consented to a modifi-

cation and had not executed a written modification as prescribed by the Settlement Agreement.

The trial court held a hearing on Husband's motion for relief on March 21, 2007. Husband testified that in "either May or June of 2006," before the parties separated, Husband "took two (2) distributions totaling [$167,928.00]" from his 401(k) to pay off some of the parties' credit cards. (March Tr. 8).[1] Husband testified that he estimated that the withdrawal would result in a tax liability in the amount of $26,372.00, whereas he would have received a refund of approximately $12,581.00 had he not withdrawn the monies. As of the date of the hearing, however, Husband had not filed his tax return. Husband testified that he earned an annual salary of $140,000.00, "plus bonuses," and would have to make quarterly payments of approximately $9,000.00 to fulfill his tax obligation. (March Tr. 18).

Husband acknowledged that he did not raise the issue of any potential tax liability when the parties were negotiating the Settlement Agreement. According to Husband's testimony, he was aware that there would be tax liabilities and penalties due to taking an early withdrawal from his 401(k); accordingly, in 2006 Husband had "asked the companies to take out extra taxes to make sure [he] would be covered." (March Tr. 31–32). Husband, however, testified that he did not discover his tax liability until "[e]arly to mid-February" of 2007. (March Tr. 32). Husband therefore requested a greater share of the net proceeds from the sale of the marital residence in order to fulfill the tax obligation.

On April 5, 2007, the trial court entered its order, granting Husband's motion for relief and setting aside "only the Property

---

1. The transcript from the hearing on March 21, 2007, shall be referred to as the "March Tr." The transcript from the hearing on May 8, 2007, shall be referred to as the "May Tr."

Settlement Agreement portion of the Decree." (Wife's App. 4). On April 12, 2007, Wife filed a motion to "reconsider the pleadings, testimony and judgment concerning the March 21, 2007 hearing...." (Wife's App. 40). Again, Wife argued that Indiana Code section 31–15–12–17(c) applied; that the parties had not executed a written modification, as prescribed by the Settlement Agreement; and Wife did not consent to a modification of the Settlement Agreement. Wife further argued that Husband failed to show sufficient grounds for relief under Indiana Trial Rule 60(B) or evidence "that would comply with the requirements of Trial Rule 60." (Wife's App. 41).

On April 17, 2007, the trial court entered its order on Wife's motion to reconsider. The trial court found "that despite the prohibition of I.C. 31–15–2–17(c), the Court retains equitable jurisdiction pursuant to Ind. Trial Rule 60 to grant [Husband]'s [motion for relief], if equity requires it." (Wife's App. 43). Finding that "equity requires the granting of [Husband]'s Motion pursuant to T.R. 60(B)(1)," the trial court denied Wife's motion to reconsider. (Wife's App. 43).

On May 8, 2007, the trial court held a hearing "to hear evidence concerning the [Settlement Agreement] and for the Court to make any adjustments that are necessary to try to affect [sic] some equity ... with regard to the tax consequences." (May Tr. 3). During the hearing Husband testified that he used $161,000.00 of his early withdrawal "to pay off credit cards," and $7,900.00 to purchase a motorcycle.

(May Tr. 36). Husband also testified that he had filed his tax return for 2006 prior to the May hearing. The trial court admitted into evidence a copy of Husband's individual income tax declaration[2] that he owed $25,501.00. Husband, however, did not submit into evidence a copy of his filed tax return.

Wife testified that she had obtained employment as of December of 2006. According to Wife, she "made [$9.00] an hour and [she] worked an average of [25] to [30] hours a week." (May Tr. 50). In addition, pursuant to the Settlement Agreement, Husband was to "pay spousal maintenance to [Wife] in the sum of [$1,500.00] per month and every month thereafter until August, 2009." (Wife's App. 24).

On May 9, 2007, the trial court entered its order "tak[ing] the matter of the [Settlement Agreement] under advisement, pending sale of the marital residence." (Wife's App. 5). On September 11, 2007, Wife filed a notice of sale of marital residence. According to the notice, the proceeds from the sale of the house "consisted of $17,000.17," not including "expenses incurred for the maintenance/sale of the residence." (Wife's App. 44).

On November 23, 2007, the trial court entered its order regarding the application of sale proceeds.[3] The trial court found as follows:

1. The [Settlement Agreement] incorporated into the Dissolution Decree fails to address any income tax issues.

2. Prior to the filing of a Petition for Dissolution, the Parties satisfied a large amount of outstanding debt with with-

---

2. The tax declaration is Internal Revenue Service Form 8453–OL, which shows either the refund to which the taxpayer is entitled or the amount owed by the taxpayer.

3. According to the order, a third hearing was held on November 7, 2007. We, however, do not have a copy of the transcript, if any, of that hearing. The order states that during the November 7 hearing, the trial court admitted into evidence one "exhibit regarding expenses paid by [Wife], alleged to be in connection with the sale of the" marital residence. (Wife's App. 6).

drawals from [Husband]'s IRA and pension account(s).

3. The withdrawals resulted in income taxes and penalties of approximately $38,000.00, of which the Parties were not aware at the time of entering into [the Settlement Agreement].

4. The Court finds that the proceeds of sale [sic] from the sale of the marital residence was [sic] $17,000.17 less $1,105.99 which the Court finds to be costs of sale and which shall be reimbursed to [Wife].

5. [Wife]'s share of the sale proceeds would be $11,920.64 according to the [Settlement Agreement] as it now stands. This sum is less than one third of the tax obligation and should be contributed by [Wife] to the payment of the tax obligation.

6. [Husband] should be responsible for the balance of the tax obligation.

(Wife's App. 6). The trial court then ordered Husband to pay Wife $1,105.99 as "reimbursement for the costs of sale of the marital residence"; and that $15,894.18 "be applied to the tax obligation of the Parties, with the balance of the tax obligation to be paid" by Husband. (Wife's App. 7).

## DECISION

■ Wife asserts that the trial court improperly modified the Settlement Agreement where Husband failed to assert statutory grounds for modification. In the alternative, Wife asserts that Husband failed to show sufficient grounds for relief under Indiana Trial Rule 60(B).

When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute.

*Poppe v. Jabaay,* 804 N.E.2d 789, 793 (Ind. Ct.App.2004), trans. denied, cert. denied, 543 U.S. 1164, 125 S.Ct. 1333, 161 L.Ed.2d 138 (U.S.Ind.2005), *reh'g denied.*

### 1. Statutory Authority

Wife asserts that the trial court improperly modified the Settlement Agreement. Specifically, Wife argues that the statutory requirements for modification were not met.

Indiana Code section 31–15–2–17 provides, in relevant part, as follows:

(a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for:

\* \* \*

(2) the disposition of any property owned by either or both of the parties[.]

\* \* \*

(b) In an action for dissolution of marriage:

(1) the terms of the agreement, if approved by the court, shall be incorporated and merged into the decree and the parties shall be ordered to perform the terms[.]

\* \* \*

(c) the disposition of property settled by an agreement described in subsection (a) and incorporated and merged into the decree is not subject to subsequent mod-

ification by the court, except as the agreement prescribes or the parties subsequently consent.

 Thus, "[a] property settlement agreement incorporated into a final dissolution decree and order may not be modified unless the agreement so provides or the parties subsequently consent." *Myers v. Myers,* 560 N.E.2d 39, 42 (Ind.1990). "A property settlement that is incorporated into a final divorce decree is a binding contract, and the dissolution court may not modify that settlement absent fraud, duress, or undue influence." *Rothschild v. Devos,* 757 N.E.2d 219, 223 (Ind.Ct.App. 2001). Such a policy promotes "the finality of marital property divisions, whether the court approves the terms of a settlement agreement reached by the parties or the court mandates the division of the property among the parties," by eliminating "vexatious litigation which often accompanies the dissolution of a marriage." *Poppe,* 804 N.E.2d at 793.

> When marital property is divided, both assets and liabilities must be considered. Thus, a partial modification of a property settlement agreement will likely upset the division of property equation in the Decree. The adjustment of one asset or liability may require the adjustment of another to avoid an inequitable result or may require the reconsideration of the entire division of property.

*Dusenberry v. Dusenberry,* 625 N.E.2d 458, 461 (Ind.Ct.App.1993) (internal citations omitted).

 In this case, the parties did not agree to a modification of the disposition of their property as prescribed by the Settlement Agreement;[4] Wife also did not consent to a modification of the Settlement Agreement as required by Indiana Code section 31–15–2–17. Moreover, Husband did not allege, and the trial court did not find, fraud, duress, or undue influence. Accordingly, modifying the division of the proceeds from the sale of the marital residence constituted an abuse of discretion for failure to meet the statutory requirements for modification of a property settlement agreement.

However, while there is no authority under the statute for the court to modify, rescind, or grant relief from the division of property under a dissolution of marriage decree, the statute does not preclude relief from judgment as provided under Ind. Trial Rule 60(B). Thus, notwithstanding our review of this case under the statutory limitations on the modification of a dissolution decree, we must also consider whether the trial court's order may be sustained under the provisions of T.R. 60(B).

*Poppe,* 804 N.E.2d at 793 (internal citations omitted).

### 2. *Relief Pursuant to Trial Rule 60(B)*

 Wife maintains that Husband failed to show sufficient grounds for relief under Trial Rule 60(B). We review a trial court's denial of a motion for relief from judgment for abuse of discretion. *Case v. Case,* 794 N.E.2d 514, 517 (Ind.Ct.App. 2003). A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *G.B. v. State,* 715 N.E.2d 951, 953 (Ind.Ct.App. 1999).

---

**4.** Again, the Settlement Agreement provides, in pertinent part, as follows: "[a]ny modification or waivers of any terms or provisions of [the Settlement Agreement] shall be effective *only if said modifications or waivers are reduced to writing & [sic] executed with the same formality as [the Settlement Agreement]."* (Wife's App. 26).

Husband argued that he was entitled to relief under Trial Rule 60(B) for "mistake, neglect, newly discovered evidence, as well as other reasons." (Wife's App. 39). The trial court agreed, finding that the parties "were not aware at the time of entering into [the Settlement Agreement]" of the taxes and penalties due to the early withdrawals from Husband's 401(k). (Wife's App. 6).

Trial Rule 60(B) provides, in pertinent part, as follows:

On motion and upon such terms as are just the court may relieve a party . . . from an entry of default, final order, or final judgment . . . for the following reasons:

(1) mistake, surprise, or excusable neglect; [or]

(2) any ground for a motion to correct error, including, without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59[.]

██ A motion for relief from judgment pursuant to Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind.Ct.App.2002). Rather, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Id.*

In this case, prior to the parties separating, Husband withdrew approximately $168,000.00 from his 401(k) to pay the parties' credit card bills and to purchase a motorcycle; Husband withdrew the monies in May or June of 2006. Husband acknowledged that, at the time of his withdrawals, he knew that he would incur tax penalties due to the early withdrawals.

Subsequently, Husband filed his petition for dissolution in July of 2006. On December 5, 2006, the parties entered into the Settlement Agreement, which was prepared by Husband's attorney and incorporated into the final dissolution decree on December 15, 2006. Husband testified that he discovered his tax liability some time in February of 2007; thereafter, Husband filed his motion to set aside the dissolution decree on February 26, 2007.

Given the evidence, Husband sets forth no extraordinary circumstances that would invoke the trial court's equitable powers under Trial Rule 60(B). Husband knew when he withdrew the funds from his 401(k) in May or June of 2006 that he would incur a tax penalty due to the early withdrawal. Despite knowing the ramifications of making early withdrawals from his 401(k), Husband failed to seek advice from or consult with a tax expert or raise the issue when negotiating the Property Settlement, assuming instead "that it wouldn't be an issue." (March Tr. 32). Although the information regarding the tax penalties could have been readily ascertained within thirty days of entering the dissolution decree, Husband also failed to file a motion to correct error pursuant to Trial Rule 59 or initiate an appeal by filing a notice of appeal.

We find that Husband has made no showing of exceptional circumstances that come within the purview of Trial Rule 60(B). Husband also has failed to show that the circumstances were not a result of his fault or negligence where Husband knew-as early as May of 2006—that there would be tax penalties for his early withdrawal. *See Goldsmith*, 761 N.E.2d at 474. Accordingly, we find that the trial court abused its discretion in granting Husband relief from the decree of dissolution.

Reversed.

NAJAM, J., and BROWN, J., concur.