# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK D. GERTH**
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**ROBERT R. FOOS, JR.,**
**LESLEY A. PFLEGING**
Lewis Wagner, LLP
Indianapolis, Indiana



FILED

Sep 20 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
    Appellant-Intervening Defendant, )
)
ALAN STEADY, )
)
    Appellee-Defendant, )
)
        vs. )    No.  49A02-1201-CT-34
)
RICHARD KERN, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-0809-CT-041793

**September 20, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

A jury found Alan Steady one-hundred percent at fault for injuries Ronald Kern sustained when the two were involved in a car accident, and a $98,000 judgment was entered against Steady to compensate Kern for his injuries. Because Steady was only insured up to $25,000, State Farm, Kern's insurer, paid Kern underinsured motorist benefits. Steady requested that the trial court deem the judgment against him satisfied because Kern was compensated by State Farm, and the trial court granted Steady's motion. State Farm appeals, raising one issue for our review: whether the trial court erred when it deemed the judgment entered against Steady satisfied. Concluding the trial court did err, we reverse and remand.

## Facts and Procedural History

In October 2006, Kern and Steady collided while driving their vehicles, and the accident resulted in various bodily injuries to Kern. Kern brought suit against Steady to recover for his injuries, and Kern's insurer, State Farm, intervened as a party defendant. Kern's insurance policy with State Farm provided for medical costs and underinsured motorist coverage. After Kern filed a motion in limine, State Farm was removed as a named party. In March 2011, a jury found Steady one-hundred percent at fault, determined Kern's damages were $98,000, and returned a verdict for such amount. The trial court entered a general judgment on the jury verdict in favor of Kern and against Steady in the amount of $98,000 plus costs and interest.

Because Steady's insurance policy included a $25,000 limit, State Farm issued a check to Kern in the amount of $68,000.[1]  Steady's insurer issued two checks to Kern, one for $25,000, the limit of Steady's policy, and a second for $6,334.79 for medical costs and interest.  State Farm moved the trial court to allow it to be realigned as a party plaintiff so that it could execute against the judgment as a subrogee of Kern to the extent of the payments State Farm made to Kern.  The trial court denied State Farm's motion.  Thereafter, Steady moved the trial court to deem the judgment entered against him as satisfied.  The trial court granted Steady's motion.  State Farm now appeals.  Additional facts will be supplied as appropriate.

Discussion and Decision

I.  Standard of Review

Indiana Trial Rule 60(B)(7) provides that a trial court may relieve a party from a judgment when the judgment has been satisfied.  We review a trial court's grant of a motion for relief from judgment for abuse of discretion.  TacCo Falcon Point, Inc. v. Atlantic Ltd. P'ship XII, 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010).  A trial court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances before the court.  Id.  We will not reweigh the evidence.  Id.  The movant bears the burden to demonstrate that relief is both necessary and just.  Dillard v. Dillard, 889 N.E.2d 28, 33 (Ind. Ct. App. 2008).

---

[1] State Farm had already paid Kern $5,000 for medical costs.

## II. Satisfaction of Judgment

As a threshold matter, Steady argues State Farm lacks standing to appeal. "Standing is similar to, though not identical with, the real party in interest requirement of Trial Rule 17. The point of both requirements is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation." Pence v. State, 652 N.E.2d 486, 487 (Ind. 1995) (citations omitted). "Standing is defined as having sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. In order to have standing, the party challenging the law must show adequate injury or the immediate danger of sustaining some injury." Indiana Civil Rights Comm'n v. Indianapolis Newspapers, 716 N.E.2d 943, 945 (Ind. 1999) (quotations omitted).

Steady argues State Farm lacks standing because State Farm was not a party to the case at the time judgment was entered against Steady. We disagree. Although State Farm was not a party to the proceeding, it did sustain a tangible injury by the trial court deeming the judgment against Steady satisfied. Indiana's Uninsured and Underinsured Motorist Coverage Act requires insurers to offer coverage to their insureds for automobile accidents in which they are entitled to recover damages from uninsured or underinsured motorists. See Ind. Code section 27-7-5-2(a). Kern purchased such coverage from State Farm. The Act also provides:

> The insurer shall be subrogated, to the extent of such [uninsured or underinsured motorist] payment, to the proceeds of any settlement or judgment that may later result from the exercise of any rights of recovery of [the insured] against any person or organization legally responsible for said bodily injury or death, or property damage, for which payment is made by the insurer. Such

4

insurer may enforce such rights in its own name or in the name of the [insured]

. . . .

Ind. Code § 27-7-5-6(a). Thus, since State Farm has a statutory right to be subrogated to the proceeds of the judgment entered against Steady, it was demonstrably injured by the judgment against Steady being deemed satisfied. We therefore conclude State Farm has standing to appeal.

We now turn to the merits of State Farm's appeal. State Farm contends the trial court erred by deeming the judgment against Steady satisfied. State Farm cites Peele v. Gillespie, 658 N.E.2d 954 (Ind. Ct. App. 1995), trans. denied, for support. In Peele, Gillespie was injured in a motor vehicle accident while riding as a passenger in Peele's vehicle. Gillespie sued Peele and sought damages for his injuries, but Gillespie also filed an underinsured motorist claim with his insurer, Prudential Insurance Company of America. Prudential ultimately paid Gillespie $100,000 in underinsured motorist benefits. Thereafter, Peele argued any judgment entered against him and in favor of Gillespie should be set off by the $100,000 that Prudential paid to Gillespie as compensation for his injuries because to hold otherwise would allow Gillespie a double recovery. Id. at 956.

We disagreed with Peele, noting that insurance policies typically include a subrogation clause which provides that once an insured receives payment from a third-party tortfeasor, the insurer is entitled to reimbursement for the amount of benefits it previously paid to the insured. Thus, insureds typically do not end up with a double recovery. In Peele, however, Prudential missed its opportunity to subrogate Gillespie's proceeds because Prudential failed to abide by the requirements of its policy and statutory law, so Gillespie was in a position to

5

possibly receive a double recovery. Despite this fact, we concluded, "Peele is not entitled to benefit from Gillespie's prudence in obtaining insurance coverage or from Prudential's failure to abide by its policy provisions and statutory law. Instead, we find it proper for the benefit to inure to Gillespie." Id. at 959.

Rather than moving for setoff, Steady moved the trial court to deem the judgment against him satisfied because Kern was paid underinsured motorist benefits by his insurer. Despite this difference, the principle remains the same. When an insurer compensates its insured due to a third party tortfeasor being underinsured, the third party tortfeasor's liability is not reduced. Rather, Indiana Code section 27-7-5-6(a) provides that the insurer may enforce its insured's right of recovery against the third-party tortfeasor, either in its own name or in the name of its insured, and that the insurer shall then be subrogated to the proceeds of any settlement or judgment that results.[2] To allow a judgment entered against the third-party tortfeasor to be deemed satisfied due to the insurer's underinsured motorist payment to its insured would undermine the purpose of this statute. Thus, we conclude that when a judgment is entered against a third-party tortfeasor, said judgment is not satisfied when the plaintiff's insurer compensates the plaintiff due to the third-party tortfeasor's being underinsured. Steady is not entitled to benefit from Kern's carefulness and assiduousness in

---

[2] Steady also argues it would be "fundamentally unfair to allow State Farm to be substituted as a party plaintiff and pursue proceedings supplemental on the judgment." Appellee's Brief at 15. We disagree. Indiana Code section 27-7-5-6(a) provides that an insurer may enforce rights of recovery, either acting in its own name or in the name of its insured.

obtaining underinsured motorist insurance coverage. The trial court therefore erred in deeming the judgment against Steady satisfied.[3]

### Conclusion

The judgment entered against Steady should not have been deemed satisfied due to State Farm's underinsured motorist coverage payment to Kern, and therefore the trial court erred. We reverse and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., and BRADFORD, J., concur.

---

[3] State Farm also argues it is entitled to recover post-judgment interest. To the extent State Farm is correct, we leave the determination of this amount to the trial court.