**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**ROBERT G. GRANT**
**T. BLAKE ORNER**
Grant & Grant
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, As Subrogee of Juan R. Lopez, III, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1211-CT-550 |
| | ) | |
| BRENDA J. FAULKNER, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No. 49D04-0706-CT-25684

**April 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Allstate Insurance Company, as subrogee of Juan R. Lopez III (Allstate), appeals the trial court's partial grant of Appellee-Defendant's, Brenda J. Faulkner's (Faulkner), motion for relief from judgment.

We reverse.

## ISSUE

Allstate raises three issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court abused its discretion when it partially granted Faulkner's motion for relief from judgment pursuant to Indiana Trial Rule 60(B).

## FACTS AND PROCEDURAL HISTORY

On July 9, 2005, an automobile collision occurred between Faulkner and Allstate's insured. Pursuant to the insurance contract, Allstate paid the damages to its insured's vehicle in the amount of $6,288.30. On July 18, 2005, Allstate notified Faulkner of its subrogation demand by certified mail to her address at 250 Iowa Street, Indianapolis, Indiana. Faulkner's signature appears on the mail receipt slip.

On June 21, 2007, Allstate filed its complaint against Faulkner. Although Allstate requested service of the summons and complaint by certified mail to Faulkner at the Iowa Street address, the service was not perfected. Therefore, on November 15, 2007, Allstate filed its Praecipe for Service on the Secretary of State, tendered an Alias Summons and Complaint to the Marion County Clerk, and requested personal service on Faulkner's agent, the Indiana Secretary of State.

Faulkner did not file a responsive pleading and on February 19, 2008, Allstate filed its Application for Default Judgment, which was subsequently granted by the trial court on February 28, 2008. On May 29, 2008, the certified judgment was tendered to the Bureau of Motor Vehicles (BMV). Pursuant to Indiana Code section 9-25-6-4, the BMV suspended Faulkner's driver's license for failure to satisfy the judgment for a period of up to ninety days.

On April 13, 2012, Faulkner filed a motion for relief from judgment alleging that she was never served a copy of the complaint and had never received notice of the lawsuit. On September 25, 2012, the trial court conducted a hearing on the motion. On October 9, 2012, the trial court partially granted Faulkner's motion, finding in pertinent part:

> [Faulkner] resided at 240 Iowa St., Indianapolis, Indiana at the time of the motor vehicle collusion, which is the subject matter of this action. The [c]ourt finds that [Allstate] attempted to serve [Faulkner] at 240 Iowa St., Indianapolis, Indiana, which is [Faulkner's] last known address and the Summons was returned unclaimed. Thereafter, pursuant to the provisions of Ind. T.R. 4.4 and Ind. T.R. 4.10, [Allstate] caused [Faulkner] to be served in care of the Secretary of State. The [c]ourt further finds that [Faulkner] admits liability for the collision. The [c]ourt also finds that pursuant to the provisions of Ind. T.R. 60, [Faulkner] did demonstrate a meritorious defense regarding the issue of damages.
>
> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that [Faulkner's] Motion for Relief from Judgment as to liability is DENIED but GRANTED as to the issue of damages.

(Appellant's App. p. 4).[1]

Allstate now appeals. Additional facts will be provided as necessary.

---

[1] Although the trial court in its Order listed Faulkner's address as 240 Iowa Street, Faulkner admitted at the hearing that she lived at 250 Iowa Street.

<u>DISCUSSION AND DECISION</u>

Initially, we note that Faulkner did not file an appellate brief. "Accordingly, we do not undertake the burden of developing arguments for the appellee because that is the appellee's duty." *Maser v. Hicks*, 809 N.E.2d 429, 432 (Ind. Ct. App. 2004). When an appellee does not file a brief, we generally apply a less stringent standard of review and we may reverse a trial court's decision if the appellant makes a *prima facie* showing of reversible error. *Id*. at 429. "*Prima facie*" is defined as "at first sight, on first appearance, or on the face of it." *Id*. at 432.

Allstate asserts that the trial court abused its discretion by partially granting Faulkner's motion for relief from judgment pursuant to T.R. 60(B). We review a trial court's grant of a motion for relief from judgment for an abuse of discretion. *Dillard v. Dillard*, 889 N.E.2d 28, 33 (Ind. Ct. App. 2008). A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id*. On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just. *Id*.

> Indiana Trial Rule 60(B) provides, in pertinent part, as follows:
>
> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

4

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that . . . .

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

A motion for relief from judgment pursuant to T.R. 60(B) may not be used as a substitute for direct appeal. *Dillard*, 889 N.E.2d at 34. Rather, T.R. 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. *Id*.

Neither Faulkner's motion for relief from judgment nor the trial court's grant of relief identify the applicable provision of T.R. 60(B). The trial court merely stated that Faulkner demonstrated a meritorious defense regarding the issue of damages. During the hearing on her motion, Faulkner only asserted that "she didn't get service." (Transcript

5

p. 14). However, without having to reach the merits of the possible bases for relief, we conclude that Faulkner's motion for relief should not have been granted.

If Faulkner is proceeding under T.R. 60(B) (1), (2), (3), or (4), then her motion must fail as it was filed more than one year after the judgment. Here, the trial court issued its judgment on February 28, 2008, whereas Faulkner filed her motion four years later, on April 13, 2012.

If Faulkner is proceeding under T.R. 60(B)(8), then she failed to establish a meritorious defense. A meritorious defense requires a showing "that vacating the judgment will not be an empty exercise." *Outback Steakhouse of Florida v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006). The movant must make a *prima facie* showing that "will prevail until contradicted and overcome by other evidence. *Id*. Thus, the movant need only "present evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment to stand." *Id*.

During the hearing on the motion, Faulkner asserted as her defense "that the damages [sic] to the vehicle was less than a hundred dollars to the car" and thus the judgment of $6,288.30 is too high. (Tr. p. 14). She did not present any evidence or exhibits to support her self-serving statement. Without anything more, we cannot conclude that Faulkner's statement amounted to a meritorious defense.

Lastly, if Faulkner is proceeding under T.R. 60(B)(5), (6), or (7), she failed to file her motion for relief within a reasonable time. "Within a reasonable time" depends on the circumstances of each case, as well as the potential prejudice to the party opposing

6

the motion and the basis for the moving party's delay. *Evans v. Evans*, 946 N.E.2d 1200, 1206 (Ind. Ct. App. 2011). During the hearing, Faulkner admitted to residing at 250 Iowa Street and acknowledged the signature on the mail receipt of Allstate's subrogation demand letter as hers. Therefore, Faulkner was aware of these proceedings as early as July 18, 2005; nonetheless she waited until four years after the default judgment against her was issued before taking any action. This cannot be deemed a reasonable time.

Based on the evidence before us, we determine that the trial court abused its discretion when it granted Faulkner's motion for relief from judgment on the issue of damages.

### CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion by partially granting Faulkner's motion for relief from judgment.

Reversed.

BRADFORD, J. and BROWN, J. concur