**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBRA LYNCH DUBOVICH**
Levy & Dubovich
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**LARRY D. STASSIN**
Layer, Tanzillo, Stassin & Babcock, P.C.
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Marriage of:

|  |  |  |
|---|---|---|
| CARLA WEILER, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1310-DR-424 |
| | ) | |
| KEVIN P. WEILER, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
The Honorable Michael A. Sarafin, Magistrate
Cause No. 45C01-1104-DR-348

**May 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Carla Weiler ("Wife") appeals from the trial court's order, granting Kevin P. Weiler's ("Husband") "Motion to Enforce Decree of Dissolution of Marriage." Wife raises the following restated issues for our review:

I.  Whether the trial court abused its discretion in awarding attorney fees to Husband; and

II.  Whether the trial court erred when it ordered the net sale proceeds of the marital residence to be divided equally and ordered Husband's failed mortgage payments to be taken out of his share of the proceeds.

We affirm in part, vacate in part, and remand.

## FACTS AND PROCEDURAL HISTORY

The parties' dissolution decree ("the Decree") was finalized on February 4, 2013. In it, the trial court divided the marital property and found that deviation from the presumptive equal distribution was warranted in favor of Wife and awarded her 53% of the marital assets with Husband receiving 47% of the marital assets. Included in the marital estate was the marital residence, which, at the time, had marital equity of $93,696.00. The trial court ordered the residence to be sold, and at closing, each of the parties was to be paid $46,848.00 from the proceeds of the sale, with any further proceeds being awarded to Wife. *Appellant's App*. at 92. The parties were also ordered to equally share the mortgage payments on the marital residence until closing.

On March 8, 2013, Wife filed a notice of appeal seeking to appeal various parts of the Decree, but did not request a stay of proceedings during the appeal. Wife's appeal was dismissed with prejudice on July 17, 2013 because the trial court clerk failed to timely file a Notice of Completion of Transcript, and Wife's deadline for filing a motion to compel

2

the issuance of that notice had lapsed. *Id*. at 82.

On August 9, 2013, Husband filed a motion to enforce the Decree. A hearing was held on such motion on October 1, 2013. At the time of the hearing, the marital residence had not been sold and had only recently been put on the market for sale. Also at the time of the hearing, Husband had not been paying his share of the mortgage and had missed eight months' worth of payments. At the conclusion of the hearing, the trial court issued an order that stated in pertinent part:

> 5. Upon the sale of the marital residence, [Wife] shall get credit for any and all mortgage payments made solely by her since the entry of the Decree . . . . [Husband] will be required to reimburse [Wife] one-half of these payments and the same shall be paid from his share of the proceeds from the sale of the marital residence.
>
> 6. From [Wife's] share of the proceeds of the sale of the marital residence, the sum of $1,000.00 shall be deducted and paid to [Husband] as attorney fees in this matter as the Court believes that the Appeal filed by [Wife] in this case was filed solely for the purpose of delay and postponing the requirements of the Decree . . . entered by this Court.
>
> 7. The parties shall equally share in the charges incurred by the Commissioner in selling the property, all closing costs including title insurance, closing fees, pro-rated taxes and any other expenses traditionally incurred at the time of closing.
>
> 8. The parties shall equally share any and all net proceeds after payment of costs. This would include any appreciation in the value of [the] home from the date of the Decree . . . forward, as well as any principal reduction on the mortgages from the date of the Decree . . . .

*Id*. at 22-23. Wife now appeals.

## DISCUSSION AND DECISION

### I. Attorney Fees

3

Wife contends that the trial court abused its discretion when it ordered her to pay $1,000.00 in Husband's attorney fees. In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney fees. *Bessolo v. Rosario*, 966 N.E.2d 725, 733 (Ind. Ct. App. 2012) (citing *Julie C. v. Andrew C.,* 924 N.E.2d 1249, 1261 (Ind. Ct. App. 2010)), *trans. denied.* We review an award of attorney fees for an abuse of discretion. *Fackler v. Powell*, 923 N.E.2d 973, 980 (Ind. Ct. App. 2010). The trial court has broad discretion in assessing attorney fees, and we will reverse only if the award is clearly against the logic and effect of the facts and circumstances before the court. *Id.* An abuse of discretion also occurs if the trial court misapplies the law. *Id*. In assessing attorney fees, the trial court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors bearing on the reasonableness of the award. *Bessolo*, 966 N.E.2d at 733. In addition, any misconduct on the part of a party that directly results in the other party incurring additional fees may be taken into consideration. *Id.* Further, "the trial court need not give its reasons for its decision to award attorney[] fees." *Thompson v. Thompson*, 811 N.E.2d 888, 928 (Ind. Ct. App. 2004), *trans. denied*.

Here, the trial court ordered Wife to pay $1,000.00 to Husband for his attorney fees because the trial court believed that Wife's appeal was filed solely for the purpose of delay and postponing the requirements of the Decree. *Appellant's App*. at 22. In the Decree, Wife was ordered to list the marital residence for sale within twenty-one days. *Id*. at 92. She did not list the home for sale within that time period; instead she filed an appeal, but did not file a motion to stay the operation of the Decree pending the appeal. *Tr*. at 12. After filing her appeal, Wife did not follow through with pursuing the appeal, and the

4

appeal was dismissed. Wife testified at the hearing that she was advised by counsel that she did not need to list the marital residence for sale pursuant to the Decree because she had initiated an appeal. *Id.* Wife also stated that attorney malpractice was the reason she failed to pursue her appeal; however, her counsel's motion to withdraw demonstrates that it was Wife's failure to cooperate and communicate with her counsel that resulted in the dismissal. *Appellant's App.* at 76-78. As a result of Wife's failure to list the marital residence for sale pursuant to the Decree, Husband incurred additional attorney fees. We conclude that the trial court did not abuse its discretion when it found that misconduct on the part of Wife resulted in Husband incurring additional fees and ordered her to pay $1,000.00 in attorney fees to Husband.

## II. Proper Modification of Decree

Wife also alleges that the trial court improperly modified the property division contained in the Decree when it changed the way the net proceeds from the sale of the marital residence were to be divided and when it allowed Husband to pay his missed mortgage payments out of his proceeds from the sale of the house. When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion. *Dillard v. Dillard*, 889 N.E.2d 28, 32 (Ind. Ct. App. 2008). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.*

Indiana Code section 31-15-7-9.1 provides that orders concerning a property division may not be revoked or modified, except in the case of fraud. As a general matter, strong policy favors the finality of marital property divisions, whether the court approves the terms of a settlement agreement reached by the parties or the court mandates the division of the property among the parties. *Shepherd v. Tackett*, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011) (citing *Beike v. Beike,* 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004)). However, a dissolution court may exercise continuing jurisdiction to reexamine a property settlement to seek clarification of a prior order. *Id*. (citing *Fackler*, 839 N.E.2d at 167). A dissolution court retains jurisdiction to interpret the terms of its decree and decide questions emanating from its decree pertaining to its enforcement. *Id*. Clarifying a settlement agreement, consistent with the parties' intent, is not the same as modifying the agreement. *Id*. (citing *Beaman v. Beaman,* 844 N.E.2d 525, 531 (Ind. Ct. App. 2006)).

In the present case, the trial court, in the Decree, ordered the marital residence sold, and at closing, the parties "shall be paid the amount of $46,848.00" from the proceeds of the sale, with "any further proceeds . . . awarded to Wife." *Appellant's App*. at 92. In the appealed order on Husband's motion to enforce the Decree, the trial court ordered that the parties "shall equally share any and all net proceeds" of the sale of the marital residence "after payment of all costs." *Id*. at 22. Pursuant to the Decree, any net proceeds from the sale of the marital residence exceeding $93,696.00, which was determined by the trial court to be the marital equity in the home, was to go to Wife. However, in the appealed order, the trial court changed this distribution so that the parties would share equally any net proceeds from the sale.

In his motion to enforce the Decree, Husband did not request that the property division be changed, nor did he allege any fraud on the part of Wife. In his motion, he acknowledged that he was "to receive the sum of $46,848.00" at the time of closing. *Id*. at 72. At the hearing on the motion, Husband did not request that the property division be modified. Strong policy favors the finality of marital property divisions, and property divisions are not to be revoked or modified, absent fraud. Ind. Code § 31-15-7-9.1; *Shepherd*, 954 N.E.2d at 480. Here, the trial court impermissibly modified the property division as it pertains to the division of the net proceeds from the sale of the marital residence. We, therefore, vacate paragraph 8 of the appealed order.

Wife also argues that the trial court impermissibly modified the property division as it related to Husband's payment of half of the mortgage payments for the first eight months after the entry of the Decree. In the Decree, the parties were ordered to equally share the mortgage payments until closing. *Appellant's App*. at 92. However, Husband failed to pay his half of the mortgage payments in the eight months from when the Decree was finalized and the hearing on his motion to enforce the Decree, and Wife paid the full amount during that time. In the appealed order, the trial court ordered that Husband's obligation to pay half of the mortgage was to continue in full force and effect and ordered that Husband was to reimburse Wife for the missed payments with the payments to be paid from Husband's share of the net proceeds of the sale of the marital residence. *Id*. at 22. We do not find this to be an impermissible modification of the Decree as it did not change Husband's obligation to pay half of the mortgage or relieve him of the responsibility of paying half of the mortgage until closing; it merely ordered that Husband's missed payments of his half

7

of the mortgage be paid from his proceeds of the marital residence. Therefore, the intent of the Decree, that each party pay half of the monthly mortgage payment until the home sold, was unchanged by the trial court's order. The trial court did not abuse its discretion when it ordered that Husband was to reimburse Wife for the missed mortgage payments from the proceeds of the sale of the marital residence. However, we note that, to the extent that paragraph 5 of the appealed order is read to mean that Wife shall get credit for all of the payments made solely by her and not just for her one-half payment, we vacate the paragraph.

We remand this case to the trial court and instruct it to order the parties to ensure that the marital residence is listed for sale. After closing, the sum of any fees and costs associated with the sale of the residence, including but not limited to closing costs, broker's fees, title insurance, and costs charged by the commissioner, shall be first taken out of any proceeds left after the mortgages are paid. From the net proceeds left after the costs and fees are paid, Wife shall receive reimbursement for half of the mortgage payments that she paid solely from the date of the Decree until the date of the October 1, 2013 hearing. From the net proceeds, Husband shall receive $1,000.00 in attorney fees. The net proceeds left after all of these amounts have been deducted shall be divided as follows: (1) if the amount left is $93,696.00 or less, the parties shall share equally in the proceeds; (2) if the amount is in excess of $93,696.00, the parties shall share equally in the proceeds up to $93,696.00, and anything in excess of that amount will be the sole property of Wife.

Affirmed in part, vacated in part, and remanded with instructions.

FRIEDLANDER, J., and BAILEY, J., concur.