# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 16 2019, 10:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Marva Deskins Hamilton
Burtonsville, Maryland

ATTORNEY FOR APPELLEE

Janice Mandla Mattingly
Janice Mandla Mattingly, P.C.
Carmel, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marva Deskins Hamilton, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Michael Hamilton, <br> *Appellee-Respondent* | May 16, 2019 <br><br> Court of Appeals Case No. <br> 18A-DR-1875 <br><br> Appeal from the Hamilton <br> Superior Court <br><br> The Honorable Jonathan M. <br> Brown <br><br> Trial Court Cause No. <br> 29D04-1610-DR-9293 |

**May, Judge.**

[1] Marva Deskins Hamilton ("Mother") appeals the trial court's June 26, 2018, order in the action surrounding the dissolution of her marriage to Michael Hamilton ("Father"). She raises two issues for our review, which we restate as:

1. Whether the trial court abused its discretion by ordering Mother to pay Father's appellate attorney's fees.

2. Whether the trial court erred in denying Mother's Trial Rule 60(A) motion.

We affirm.

# Facts and Procedural History

Mother and Father were married on June 14, 2013. Mother primarily lived in Maryland and Father primarily lived in Indiana during the first year of the marriage. Mother secured employment in Indiana and lived in Indiana with Father for a time, but she has since relocated to Maryland. They have one child together, L.H. They separated on October 17, 2016, and Father filed a petition for dissolution of marriage on November 4, 2016. On October 13, 2017, the trial court issued a decree of dissolution awarding primary physical custody of L.H. to Father and granting the parties joint legal custody. Mother filed a Notice of Appeal on October 25, 2017, appealing the trial court's dissolution order as to custody of L.H.

On December 7, 2017, Mother filed her Verified Motion to Correct Error on Child Support Order pursuant to Trial Rule 60(A) ("Rule 60(A) motion"). The Rule 60(A) motion argued the trial court made a clerical error in completing the child support obligation worksheet. Specifically, Mother asserts the trial court erroneously entered $222 per week as Father's work-related child care expense

when such expense was actually $185 per week. Father filed a Verified Request for Award of Attorney's Fees Including Appellate Fees ("Request for Attorney's Fees") on December 11, 2017. We affirmed the trial court's decision on custody in May 2018. *Hamilton v. Hamilton*, 103 N.E.3d 690 (Ind. Ct. App. 2018), *trans. denied*.

[4] Hearings regarding Mother's Rule 60(A) motion, Father's Request for Attorney's Fees, and other pending motions were held on March 29, 2018; May 31, 2018; and June 21, 2018. The trial court denied Mother's Rule 60(A) motion on the record at the June 21, 2018, hearing because the motion was filed untimely. The trial court explained

> the Trial Rule says what it says, and the dates as we've discussed on the CCS…you know, they reflect when things were filed…But, based upon the CCS and the file stamps on the documents that have been filed on the case by -- and processed through the Hamilton County clerk, it appears that the notice of completion of the transcript was the day before the motion to correct error was filed and the day before the motions for rule to show cause were filed.

(Tr. Vol. III at 127.)

[5] Following the hearing, the court awarded Father $7,500 in appellate attorney's fees. In support thereof, the court entered the following findings:

> 58. Father filed a request for attorney fees and appellate fees on December 11, 2017;

59. At hearing, both Father and Mother presented income information to the Court;

60. Mother presented substantial testimony on her monthly expenses, which included a mortgage payment of over $3000/month;

61. Father currently resides at home with his parents, and as a result Mother argues he should have more disposable income to pay attorney fees;

62. Father presented evidence indicating he cannot afford to move out of his parents' home due to the ongoing litigation expenses;

63. Father presented evidence of the attorney fees he has incurred as a result of the dissolution litigation between the parties, which is approximately $60,000;

64. Mother presented evidence of the attorney fees she has incurred as a result of dissolution litigation between the parties, which is approximately $30,000;

65. Mother is gainfully employed as an attorney working for the Central Intelligence Agency and Father is gainfully employed as a fireman for the Fishers Fire Department;

66. Father maintains a second job with Citizens Gas Company; and

67. As set forth in the Decree, Mother's weekly income is approximately $2,621.87/week (when accounting for locality differences) and Father's weekly income is approximately $1,538.46/week.

(Appellant's App. Vol. II at 27-28.)  The court addressed Father's request for appellate attorney fees in its Order: "[R]ecognizing the disparity in income between the parties, the Court awards Father $7500 in reasonable attorney fees, payable from Mother to Father within sixty (60) days."  (*Id.* at 29.)

[6]  Mother subsequently filed a Motion to Correct Error requesting modification of the court's award of appellate attorney fees to Father.  The court denied her Motion to Correct Error on July 27, 2018.  The court explained that it considered the evidence presented by the parties at the hearings

including, but not limited to:

- respective income of the parties

- respective budgets and economic circumstances of the parties

- both parties are physically able to work

- Mother is employed full time and has disposable income of $858/week

- Father is employed full time, Father has a second job, and had disposable income of $946/week

- Mother lives in her own residence with a mortgage of $3100/month, and

- Father resides with his parents and minor child and testified he cannot afford to move out of his parent's house due to his extraordinary attorney fees owed to counsel.

(*Id.* at 30-31.) The court emphasized that it was ordering Mother to pay only a portion of Father's appellate attorney fees, not all of his appellate attorney fees. The court also noted it incorrectly stated in its June 26, 2018, order the amount of Mother's attorney fees because it did not account for Mother's appellate fees.

# Discussion and Decision

### *Father's Award of Appellate Attorney Fees*

An award of attorney fees in a dissolution of marriage action is reviewed for an abuse of discretion. *Mason v. Mason*, 775 N.E.2d 706, 711 (Ind. Ct. App. 2002), *trans. denied*. We will reverse such an award only if it "is clearly against the logic and effect of the facts and circumstances before the court." *Id.*

However, where the trial court issues specific findings *sua sponte*, as it did in this case, the specific findings control our review and the judgment only as to the issues those specific findings cover. *Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners Ass'n,* 967 N.E.2d 6, 14 (Ind. Ct. App. 2012) (internal citations omitted), *trans. denied*. Where there are no specific findings, a general judgment standard applies, and we may affirm on any legal theory supported by the evidence. *Id.* We apply a two-tier standard in evaluating *sua sponte* findings and conclusions: (1) whether the evidence

supports the findings, and (2) whether the findings support the judgment. *Id.* We do not reweigh the evidence or assess the credibility of the witnesses. *Mitchell v. Mitchell*, 875 N.E.2d 320, 322 (Ind. Ct. App. 2007), *trans. denied*.

[9] Pursuant to statute, the trial court may order a party in a dissolution action to pay the other party a reasonable amount for the cost of attorney fees incurred in the course of the proceedings. Ind. Code § 31-15-10-1. The trial court enjoys wide discretion in awarding attorney fees. *Mitchell*, 875 N.E.2d at 325. "The trial court should consider the spouses' resources, economic condition, ability to earn income, and other similar factors that would bear on the reasonableness of the award." *Id.*

[10] Mother contends the court abused its discretion in awarding appellate attorney fees to Father because Father's monthly disposable income is higher than Mother's monthly disposable income. We disagree. The trial court weighed the parties' respective amounts of disposable income, as well as the parties' expenses, incomes, living arrangements, and amount of attorney fees incurred. The trial court ordered Mother to pay a portion of Father's appellate attorney fees after taking all these factors into account.

[11] The evidence supports the trial court's factual findings. Both parties are gainfully employed, and both parties testified as to their income and expenses. Mother put into evidence a "Financial Obligation Worksheet" that revealed many recurring monthly expenses, including a large mortgage payment. However, Mother's gross income is over $1,000 a week greater than Father's

gross income. Father owes approximately $60,000 in attorney fees, and he is not able to move out of his parents' house because of the payments he must make to his attorneys. Consequently, the trial court's factual findings support the judgment, and we hold the trial court did not abuse its discretion in awarding appellate attorney fees to Father. *See Birkhimer v. Birkhimer*, 981 N.E.2d 111, 127 (Ind. Ct. App. 2012) (holding trial court acted within its discretion in ordering wife to pay portion of husband's attorney fees and costs), *reh'g denied*.

### *Mother's Trial Rule 60(A) Motion*

[12] Mother argued in her Trial Rule 60(A) motion that the trial court made a clerical error when it entered $222 per week as Father's work-related child care expense in the child support obligation worksheet, whereas the expense should have been $185 per week. A trial court's ruling on a motion for relief from judgment is reviewed for an abuse of discretion. *Dillard v. Dillard*, 889 N.E.2d 28, 33 (Ind. Ct. App. 2008). As explained *supra*, we will reverse for an abuse of discretion only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.

[13] Indiana Trial Rule 60(A) motions are meant to address clerical errors, not errors of substance. *Sommerville Auto Trans. Serv., Inc. v. Auto. Fin. Corp.*, 12 N.E.3d 955, 963 (Ind. Ct. App. 2014), *trans. denied*. The Rule states:

> Of its own initiative or on the motion of any party
> and after such notice, if any, as the court orders,
> clerical mistakes in judgments, orders or other parts

> of the record and errors therein arising from oversight or omission ***may be corrected by the trial court at any time before the Notice of Completion of Clerk's Record is filed under Appellate Rule 8.*** After filing of the Notice of Completion of Clerk's Record and during an appeal, such mistakes may be so corrected with leave of the court on appeal.

T.R. 60(A) (emphasis added). Mother's motion was filed a day after the Notice of Completion of Clerk's Record was filed, and therefore, Mother's motion was untimely. Consequently, it was within the trial court's discretion to deny the motion.

[14] However, even if Mother's motion had been filed timely, the trial court maintained discretion to grant or deny the motion. Mother's Rule 60(A) motion was intended to correct an amount on the child support obligation worksheet. Father's counsel mentioned at the hearing that Father's work-related child care expense has increased since the time when the child support obligation worksheet was completed, such that it is now greater than the erroneous number entered by the trial court. However, Father has not moved to modify the child support order because parties are to wait at least a year after the order was entered before petitioning to modify the order. *See* Ind. Code § 31-16-8-1(b)(2)(B). We cannot say the trial court abused its discretion when it decided equity did not compel it to grant the Rule 60(A) motion on the basis of the particular facts presented in this case. *See Huntington Nat. Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 658 (Ind. 2015) (noting that the decision whether to grant or deny a party's motion for relief from judgment is left to the trial court's equitable discretion and is highly fact specific).

# Conclusion

For the foregoing reasons, we find that the trial court did not abuse its discretion in awarding Father appellate attorney fees in the amount of $7,500 and denying Mother's Trial Rule 60(A) motion. Accordingly, we affirm.

Affirmed.

Baker, J., and Tavitas, J., concur.