**Robert L. PEALS, Appellant–Defendant,**

v.

**COUNTY OF VIGO, Appellee–Plaintiff.**

No. 84A01–0111–CV–434.

Court of Appeals of Indiana.

Feb. 25, 2003.

Mark K. Bonnell, Spencer, IN, Attorney for Appellant.

Caren L. Pollack, Mandel Pollack & Horn, Indianapolis, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Robert Peals appeals the trial court's entry of summary judgment in favor of Vigo County on numerous grounds. Because we find that Peals failed to file his Notice of Appeal within thirty days of the trial court's final judgment, we conclude that Peals has forfeited his right to appeal, and we therefore dismiss it.

### Facts and Procedural History

On November 27, 1998, Peals filed a two-count complaint against Vigo County, the State of Indiana, and Marcia Boyles. The first count alleged tortious interference with a contract of employment, and the second count alleged violations of 42 U.S.C. §§ 1981 and 1983. On March 28, 2000, Vigo County filed a motion for summary judgment on five grounds. Following a hearing, the trial court entered summary judgment on November 16, 2000, in favor of Vigo County. That order provided: "The Court, having take[n] the matter of ruling under advisement, now grants the Motion for Summary Judgment filed by Defendant, County of Vigo." Appellant's App. p. 12.

On December 8, 2000, Peals filed a Trial Rule 60(A) Motion for Relief from Order in which he contended that the trial court's November 16, 2000, order was "confusing" because it did not enter an actual judgment, did not state whether the order also applied to the State of Indiana and Boyles, and did not designate the issues or claims upon which the trial court found no genuine issue as to any material facts. Appellant's App. p. 116. On January 24, 2001, the trial court issued an Amended Order Granting Summary Judgment and Entry of Judgment. That order provided:

The Court, having considered the Motion for Summary Judgment filed by the defendant, Board of Commissioners of Vigo County, and having heard oral arguments of the parties, and taken said matter under advisement, and having granted said Motion for Summary Judgment on November 16, 2000, the Court does hereby enter judgment in favor of the Board of Commissioners of Vigo County only.

The Court finds that there is no just reason for delay, and expressly directs entry of judgment as to all claims filed by plaintiff against the Board of Commissioners of Vigo County, only. The case shall continue as to the remaining defendants.

Appellant's App. p. 10.

On July 20, 2001, Peals filed a Voluntary Dismissal of Remaining Claims. On July 30, 2001, the trial court issued an order granting Peals' Voluntary Dismissal of Remaining Claims as to the State of Indiana and Boyles. On August 29, 2001, Peals filed his Notice of Appeal appealing the trial court's entry of summary judgment in favor of Vigo County.

### Discussion and Decision

Peals contends that the trial court erred in granting summary judgment in favor of Vigo County on numerous grounds. One of the grounds Peals argues is that the trial court's January 24, 2001, order was not a final, appealable judgment and therefore he timely filed his Notice of Appeal in this case.

Indiana Trial Rules 56(C) and 54(B) provide a mechanism whereby a trial court can certify an interlocutory order as a final, appealable judgment if the trial court in writing expressly determines that there is no just reason for delay and expressly directs the entry of judgment. *Radbel by Radbel v. Midwestern Elec., Inc.,* 550 N.E.2d 340, 340–41 (Ind.Ct.App.1990). Trial Rule 56(C) provides in pertinent part:

A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties. The court shall desig-

nate the issues or claims upon which it finds no genuine issue as to any material facts.

Similarly, Trial Rule 54(B) provides in pertinent part:

A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

■ Here, although the trial court granted summary judgment with respect to less than all the parties, it made the order a final, appealable judgment in accordance with both Trial Rules 56(C) and 54(B) by expressly determining "that there is no just reason for delay" and expressly directing "entry of judgment as to all claims filed by plaintiff against the Board of Commissioners of Vigo County, only." Appellant's App. p. 10. Nevertheless, Peals asserts that it is not a final, appealable judgment because the trial court failed to designate the issues or claims upon which it found no genuine issue as to any material facts, as required by Trial Rule 56(C). Contrary to Peals' assertion, the trial court directed "entry of judgment as to *all claims* filed by plaintiff against the Board of Commissioners of Vigo County, only." Appellant's App. p. 10 (emphasis added). Accordingly, the trial court's January 24, 2001, order is a final, appealable judgment in compliance with both Trial Rules 56(C) and 54(B).

■ Pursuant to Indiana Appellate Rule 9(A)(1), "A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the

entry of a Final Judgment." "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited...." Ind. Appellate Rule 9(A)(5). Appellate Rule 2(H)(2) provides that a judgment is final if:

the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties.

Here, the trial court's January 24, 2001, order is in compliance with both Trial Rules 56(C) and 54(B); therefore, it qualifies as a final judgment under Appellate Rule 2(H)(2). Accordingly, Peals must have filed his Notice of Appeal within thirty days of the trial court's January 24, 2001, order. Because Peals did not file his Notice of Appeal until August 29, 2001, he has forfeited his right to appeal, and we therefore dismiss it.

Appeal dismissed.

NAJAM, J., and RILEY, J., concur.