## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 01 2017, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard A. Cook
Yosha Cook & Tisch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Peter H. Pogue
Justin C. Kuhn
Schultz & Pogue, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paula Adams,

*Appellant-Plaintiff,*

v.

Shadrach Gonqueh and
Amazing Family Dental, P.C.
d/b/a Amazing Family Dental,

*Appellees-Defendants*

September 1, 2017

Court of Appeals Case No.
49A05-1702-CT-349

Appeal from the Marion Superior
Court

The Honorable John M.T.
Chavis, II, Judge

Trial Court Cause No.
49D05-1501-CT-3147

**Baker, Judge.**

[1] Paula Adams and two co-plaintiffs filed a negligence and dental malpractice complaint against Dr. Shadrach Gonqueh and Amazing Family Dental (collectively, the appellees). The appellees filed a motion for summary judgment against all plaintiffs. The trial court ruled in the appellees' favor on all of Adams's claims, explicitly noting that its order was final; it ruled in the appellees' favor on some of the other plaintiffs' claims, noting that those orders were not final as certain claims remained to be litigated.

[2] Adams sought to have the order certified for interlocutory appeal and, as the thirty-day deadline to appeal from a final judgment had passed, sought relief pursuant to Indiana Trial Rule 60(B). The relief she sought was to have the summary judgment order re-cast as a non-final judgment. The trial court found that she was not entitled to relief pursuant to Indiana Trial Rule 60(B) and held that its original order remained final as to her. She now appeals.

## Facts

[3] Adams received dental work from Dr. Gonqueh at Amazing Family Dental on June 19, June 21, June 26, and July 26, 2012. Adams alleges that she was consciously sedated for an extraction procedure on June 21, 2012, and while she went in expecting that Dr. Gonqueh would extract only one tooth, he in fact extracted eleven.[1] Newell Boyce and Donald Scribner also received dental

---

[1] The appellees strenuously contest these allegations, but we need not go into the substance of the contested facts as they are not at issue in this appeal.

work from Dr. Gonqueh. Boyce and Scribner claim that they went to Amazing Family Dental for minor dental problems and were each told that if they did not have all of their teeth removed, they were in immediate danger of heart attack, stroke, and/or death. Both Boyce and Scribner consented to having all their teeth removed.

[4] On January 30, 2015, Adams, Boyce, and Scribner filed a joint complaint against Dr. Gonqueh and Amazing Family Dental. They collectively raised claims of negligence, malpractice, the Indiana Crime Victim's Relief Act (CVRA),[2] and a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act.[3]

[5] On February 8, 2016, the appellees filed a motion for summary judgment against Adams, arguing that all of her claims are time barred because they were not filed before the two-year statute of limitations expired[4] and that, with respect to the CVRA and RICO counts, she failed to allege sufficient facts supporting those claims for relief. The same day, the appellees also filed motions for partial summary judgment against Boyce and Scribner, arguing that

[2] Ind. Code § 34-24-3-1 et seq.

[3] Ind. Code § 35-45-6-1 et seq.; 18 U.S.C. § 1961 et seq.

[4] *See* Ind. Code § 34-11-2-3 (providing that any kind of action for damages stemming from professional services rendered by, in relevant part, dentists, must be brought within two years from the date of the alleged neglect).

they had not alleged facts supporting their claims for relief under the CVRA and RICO counts.

[6] On August 19, 2016, the trial court granted full summary judgment against Adams on all claims, finding that her claims for negligence and malpractice were time-barred and that her CVRA and RICO counts failed to state a cause of action upon which relief may be granted. The trial court explicitly noted that its judgment was final. Appellant's App. Vol. II p. 12. The trial court also granted partial summary judgment against Boyce and Scribner on their CVRA and RICO counts. This order, however, was only a partial summary judgment order, as their respective claims for negligence and malpractice remain to be litigated.

[7] On September 19, 2016, Adams, Boyce, and Scribner filed a joint motion to certify the trial courts' summary judgment orders for interlocutory appeal. In response, Amazing Family Dental argued that Adams was required to file a traditional notice of appeal because the summary judgment order against her was full and final.

[8] On October 12, 2016, Adams filed an alternative motion for relief from judgment pursuant to Indiana Trial Rule 60, arguing that her claims were so intertwined with those of Boyce and Scribner that she needed to seek certification of an interlocutory appeal. She also argued that, if that interpretation was erroneous, it was mistake and/or excusable neglect, and

asked that the trial court grant her relief from the judgment by converting its order to a non-final order.

[9] Following a hearing, on January 20, 2017, the trial court denied Adams's motion for relief from judgment. In relevant part, the trial court found as follows:

> Plaintiff Adams has requested that, pursuant to Trial Rule 60(B)(1), this court vacate its August 19, 2016, final order granting summary judgment against Paula Adams and re-enter the judgment as a non-final order. . . . The August 19, 2016, Order was a final judgment pursuant to Indiana Appellate Rule 2(H)(2). Adams has failed to show extraordinary circumstances and has admitted that her interpretation of the order was in error. Moreover, "Trial Rule 60(B) does not provide a vehicle whereby a party may be afforded relief from his mistake of law." [*Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002).] Accordingly, Adams has made no showing of exceptional circumstances that would invoke the trial court's equitable powers under Trial Rule 60(B).
>
> . . . The Court's August 19, 2016 summary judgment order entered as to Paula Adams remains a final judgment pursuant to Indiana Trial Rule[s] 54(B) and 56(C).

Appellant's App. Vol. II p. 9-10.[5] Adams now appeals.

---

[5] On January 25, 2017, the trial court denied the motion to certify its partial summary judgment orders against Boyce and Scribner for interlocutory appeal.

# Discussion and Decision

[10]    Adams appeals the trial court's order denying her motion for relief from judgment pursuant to Indiana Trial Rule 60(B). Trial Rule 60(B), in relevant part, provides that the trial court may relieve a party from a judgment in the case of mistake or excusable neglect. This Court has noted that Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Dillard v. Dillard*, 889 N.E.2d 28, 34 (Ind. Ct. App. 2008). On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just. *Id.* at 33. Our Supreme Court has cautioned that "[t]he trial court's discretion is necessarily broad in this area as any determination of excusable neglect must turn upon the unique factual background of each case." *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind. 1983). We will reverse a trial court's ruling on a motion for relief from judgment only if it is clearly against the logic and effect of the facts and inferences before the trial court. *Ford Motor Co. v. Ammerman*, 705 N.E.2d 539, 558 (Ind. Ct. App. 1999).

[11]    Initially, we note that it is apparent both from the context of the litigation and from the contents of the trial court's summary judgment order regarding Adams that the order was a final judgment. The order itself states that there is "no just reason for delay" and that the order is a "final judgment" in favor of Dr. Gonqueh and Amazing Family Dental and against Adams, "as to any and all claims against Defendants." Appellant's App. Vol. II p. 12. And the order did, indeed, dispose of all of Adams's claims against both Dr. Gonqueh and

Amazing Family Dental. Consequently, there can be no genuine dispute that the order was a final judgment.

[12] Adams argues that because her claims are so intertwined with the claims of Boyce and Scribner, the summary judgment order was not final. We disagree. No rule prevents a trial court from treating parties to a lawsuit differently from one another. *See, e.g.*, *Peals v. Cty. of Vigo*, 783 N.E.2d 781, 783 (Ind. Ct. App. 2003) (trial court granted summary judgment with respect to fewer than all the parties but order was nonetheless a final and appealable judgment for the affected party). Indeed, the Indiana Trial Rules contemplate precisely this situation. Indiana Trial Rule 54(B) provides as follows regarding judgments upon multiple claims or involving multiple parties:

> When more than one (1) claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

Similarly, Trial Rule 56(C), which governs summary judgment proceedings, states that "A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory

unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties."

[13] Here, the trial court determined that summary judgment in favor of the appellees was warranted on *all* of Adams's claims. That it treated the claims of Boyce and Scribner differently has no bearing on its disposition of Adams's claims. If Adams wished to appeal the summary judgment order, she was required to do so according to the rules governing appeals from final judgments. *See* Indiana Appellate Rule 2(H)(2) (explaining that a judgment is a "final judgment" if "the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment . . . as to fewer than all the claims or parties"). Whether or not the facts of her claims are intertwined with those of Boyce and Scribner has no bearing on the finality of the trial court's order.

[14] Adams contends that her interpretation of the summary judgment order as a non-final order from which an interlocutory appeal must be taken was caused by mistake or excusable neglect and, as a result, that she is entitled to relief pursuant to Trial Rule 60(B). Adams, however, is not truly seeking "relief" from the summary judgment order. She is not seeking to have that order set aside; she is instead seeking to have it re-cast as a non-final order. This remedy is not contemplated by Trial Rule 60 or any other rule that we can find. In any event, a mistake in interpreting the trial and/or appellate rules is a mistake of law, not an act of excusable neglect. This Court has explicitly held that Rule

60(B) offers no relief if the situation is "the result of any fault or negligence on the part of the movant." *Dillard*, 889 N.E.2d at 34. Given this record, we find no error in the trial court's decision to deny relief to Adams pursuant to Trial Rule 60(B).

Finally, Adams argues that we should permit her to pursue a belated appeal under Appellate Rule 1, which provides that we "may, upon the motion of a party or the Court's own motion, permit deviation from these Rules." We are not persuaded that this case presents such extraordinary circumstances that a dramatic deviation from the thirty-day deadline to appeal a final judgment should be permitted.

The judgment of the trial court is affirmed.

Kirsch, J., and Bailey, J., concur.